Robert Farris-Olsen
MORRISON, SHERWOOD, WILSON & DEOLA
401 North Last Chance Gulch
Helena, MT  59601
(406) 442-3261
(406) 443-7294 (Fax)
rfolsen@mswdlaw.com

*Attorney for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF MONTANA
# MISSOULA DIVISION

| | |
|---|---|
| DANIEL GRAYSON<br><br>Plaintiffs,<br><br>v.<br><br>MIDLAND GROUP & ASSOCIATES, LLC,<br><br>Defendant. | Cause No.: _____<br><br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

COMES NOW Plaintiff, Daniel Grayson, and bring this cause of action violations of the Fair Debt Collection Practices Act (FDCPA) and the Montana Consumer Protection Act (MCPA) against Midland Group & Associates.

## PARTIES

1. Plaintiff Daniel Grayson is a resident of Ravalli, Montana.

2. Midland Group & Associates, LLC, ("Midland") is a debt collector based in Los Angeles, County.

## VENUE AND JURISDICTION

1

3. This Court has jurisdiction over this matter based upon 28 U.S.C. § 1331, in that this dispute involves predominant issues of federal law.  Specifically, this Court has jurisdiction under 15 U.S.C. § 1692k. Supplemental jurisdiction exists for state law claims pursuant to 28 U.S.C. §1367. Declaratory relief is available pursuant to 28 U.S.C. §2201 and §2202.  Defendant is also liable to the Plaintiffs pursuant to the laws of the State of Montana, which claims may be brought under the pendant jurisdiction of this Court.

4. Venue is proper in the Missoula Division, pursuant to Rule 3.2 (b), Local Rules of Procedure and § 25-2-122, MCA in that the Plaintiff resides in, and Defendant does business in the Missoula Division.

## FACTS

5. Midland is an LLC based in Los Angeles, California, that collects debts on behalf of other entities. In this case, it was attempting to collect, and collecting, a debt on behalf of Capital One.

6. Daniel Grayson obtained credit from Capital One and became delinquent on the debt. The debt, on information and belief, was then assigned to Midland to collect from Mr. Grayson.

7. Mr. Grayson made payments to Midland via direct payments from his checking account. Starting on May 8, 2023, Midland would withdraw $120.17 per month.

8. Those payments continued through the remainder of 2023.

9. On January 8, and February 6, 2023, Midland took two more payments of $120.17, each.

10. Then, on or about February 12, 2024, Midland sent Mr. Grayson a letter advising him that "As of February 12, 2024, Midland Group & Associates, LLC, has released you from all claims and liabilities pertaining to the" Capital One account.

11. Continuing, Midland advised that it would report the Capital One debt as "PAID IN FULL" to each of the three major credit reporting bureaus.

12. Based on these statements, Mr. Grayson rightfully believed that his account was paid in full, and he did not owe Midland any further funds.

13. Nevertheless, Midland continued debiting Mr. Grayson's account for $120.17 on at least March 6, 2024, and April 8, 2024. These payments have not been refunded to Mr. Grayson.

14. As a result of Midland's actions, Mr. Grayson has suffered damages, including, but not limited to, the loss of at least $240.34 in wrongfully withheld funds; emotional distress, and lost time.

## COUNT I – FAIR DEBT COLLECTION PRACTICES ACT

15. The preceding paragraphs are realleged as though set forth in full hereunder.

16. Plaintiff is a "consumer" pursuant to 15 U.S.C. § 1692a.

17. Midland is a "debt collector" pursuant to 15 U.S.C. § 1692a.

18. Midland was attempting to collect a "debt" pursuant to 15 U.S.C. § 1692a.

19. Midland's violations of the FDCPA include, but are not limited to:

    a. Collecting a debt that was not authorized by any agreement, i.e., the extra $240.34 in violation of 15 U.S.C. § 1692f(1).

    b. Taking a non-judicial action to effect dispossession of the $240.34 in violation of 15 U.S.C. § 1692f(6)(A).

    c. Alternatively, if the debt was not fully paid off by February 12, 2024, false representing the status of the debt in violation of 15 U.S.C. § 1692e.

20. As a result of these actions, Defendant is liable for actual and statutory damages, and attorney's fees pursuant to 15 U.S.C. § 1692k.

### COUNT IX – MONTANA CONSUMER PROTECTION ACT

21. The preceding paragraphs are realleged as though set forth in full hereunder.

22. Plaintiff is a "consumer" under the MCPA.

23. Defendant was engaged in "trade or commerce."

24. Defendant's acts and/or practices were unfair and/or deceptive in violation of § 30-14-103, MCA. They include, but are not limited to, the violations of the FDCPA.

25. As a result of Defendant's actions, Plaintiffs suffered an ascertainable loss of money or property, and have suffered mental anguish and emotional distress.

26. Defendant is liable for Plaintiff's actual or statutory damages, treble damages, and attorney's fees pursuant to § 30-14-133, MCA.

### PRAYER FOR RELIEF

WHEREFORE, The Plaintiffs pray for the following relief:

1. For actual damages, and statutory damages of $1,000, pursuant to 15 U.S.C. 1692k and § 30-14-133, MCA;

2. For attorneys' fees and costs, pursuant to 15 U.S.C. § 1692k, § 30-14-133, MCA.

3. For treble damages pursuant to § 30-14-133, MCA.

4. For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38, F. R. Civ. P., Plaintiffs hereby demands a trial by jury of the issues triable by right by jury.

DATED this 26th day of September, 2024.

> By: /s/ Robert Farris-Olsen.
> Robert Farris-Olsen
> Morrison Sherwood Wilson & Deola PLLP
> *Attorney for Plaintiffs*